UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALVIN PETERSON, SR.,

Defendant - Appellant.

No. 99-2042

ORDER
Filed September 12, 2000

Before **TACHA**, **McWILLIAMS**, and **EBEL**, Circuit Judges.

These matters are before the court on appellants' petition for rehearing with suggestion for rehearing en banc. Upon review, the panel grants rehearing. Accordingly, the court's opinion of June 6, 2000 is withdrawn and is replaced by a revised published opinion which is attached to this order.

The suggestion for rehearing en banc was transmitted to all of the judges of the court who are in regular active service as required by Fed. R. App. P. 35. As no member of the panel and no judge in regular active service on the court requested that the court be polled, the suggestion is denied.

Entered for the Court

PATRICK FISHER, Clerk of Court


By:

Keith Nelson
Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 12 2000**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALVIN PETERSON, SR.,

Defendant - Appellant.

No. 99-2042

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. No. CR-98-228 LH)**

---

Judith A. Rosenstein, Assistant Federal Public Defender, Albuquerque, New Mexico, for Plaintiff-Appellant.

Norman C. Bay, Assistant United States Attorney (John J. Kelly, United States Attorney, with him on the brief), Albuquerque, New Mexico, for Defendant-Appellee.

---

Before **TACHA**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **EBEL**, Circuit Judge.

---

**TACHA**, Circuit Judge.

---

Pursuant to a plea agreement with the United States, Defendant-Appellant Alvin Peterson, Sr. pled guilty on August 12, 1998 to one count of aggravated sexual assault of a child in violation of 18 U.S.C. §§ 1153, 2241(c), and 2245(2)(A). Peterson appealed his sentence on the ground that the United States breached the terms of the plea agreement during the sentencing hearing by opposing his motion for a downward departure from the sentencing guidelines. After hearing oral argument in this case, we applied a plain error standard of review and affirmed Peterson's sentence. Peterson has now filed a petition asking the panel and the en banc court to rehear the case. We GRANT Peterson's petition for rehearing. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and, applying a de novo standard of review, AFFIRM.

## I. BACKGROUND

Peterson's plea agreement provides, in pertinent part, that the United States "will not oppose a downward departure if there is a good faith basis for a downward departure." After entering into the plea agreement but prior to the sentencing hearing, Peterson filed a motion for a downward departure. In the motion, Peterson argued for a downward departure on a number of grounds: (1) the offense to which the defendant pleaded guilty was aberrant behavior; (2) the defendant's age and ill health; (3) the defendant's post-arrest rehabilitation; (4)

2

the attitude and concerns of the victim; and (5) the defendant's amenability to treatment and potential for obtaining treatment.

The government did not file a response to the motion for a downward departure. At the sentencing hearing, however, the judge asked the prosecutor if he had anything to say with respect to the motion. The prosecutor then made a number of comments. First, the prosecutor asked the district court to take judicial notice of three paragraphs in the Presentence Report (PSR) that provided additional information about the offense to which Peterson pleaded guilty and other similar offenses for which Peterson was not convicted as a result of the plea bargain.

Second, the prosecutor stated that Peterson had cited no case law to support his age and health argument. The prosecutor further remarked: "As the Court is aware, [age and health are] an issue with many defendants who come before this Court . . . ."

Third, the prosecutor agreed that Peterson required post-arrest treatment and asked the district court to take judicial notice of the recommendation in the PSR that Peterson be imprisoned at Butner Federal Correctional Institution ("Butner FCI"). The prosecutor explained that Peterson would be eligible to participate in the sex offender treatment program at Butner FCI regardless of the duration of the sentence imposed by the court.

3

Fourth, the prosecutor stated that the government did not take a position with respect to either the issue of the victim's wishes or Peterson's amenability to treatment. The prosecution added:

> [I]n this case, as the Court is aware, based upon a review of the presentence report, Mr. Peterson was looking at an amount of time from 235 to 293 months if he had gone to trial in this case. As the court is aware, the guidelines provide 97 to 121 months for the offense he pled to, Your Honor. This case, like many of the child sexual abuse cases that I prosecute, they're very hurtful, Your Honor, to both the victim and the defendant, Your Honor.
> This prosecutor is not a counselor or a psychologist; however, based upon my discussion with other counselors, Your Honor, one of the first steps in rehabilitation is acceptance of responsibility. Mr. Peterson has accepted responsibility; however, this was in–the last offense that's set forth in the indictment and set forth in the presentence report is this occurred until the victim was ten years old, Your Honor. Just like the Court to be aware of that. In addition to that Your Honor, there may be forgiveness; however, there are consequences to one's acts.

Peterson did not object to the prosecutor's statements during the sentencing hearing.[1] The court concluded that a downward departure was not appropriate and sentenced Peterson to 97 months' imprisonment, followed by three years of supervised release. At no time did the district court express the view that the government had opposed Peterson's Motion for Downward Departure. On appeal,

---

[1]The only time Peterson raised below the possibility that the prosecution may have breached its promise in the plea agreement not to oppose a downward departure request made in good faith was in the context of a Motion for Release Pending Appeal. Peterson does not challenge the district court's denial of this motion on appeal.

4

Peterson alleges that the prosecutor breached the plea agreement when he commented on the downward departure motion.

## II. DISCUSSION

This circuit has held that a defendant does not waive his right to appeal a claim that the government has breached a plea agreement when he fails to object to the breach before the district court.[2] See United States v. Belt, 89 F.3d 710, 712-13 (10th Cir. 1996); United States v. Hand, 913 F.2d 854, 856 n.2 (10th Cir. 1990); see also United States v. Shorteeth, 887 F.2d 253, 255 (10th Cir. 1989) (stating in dicta that the "[f]ailure to properly object to breach of a plea agreement at a sentencing hearing ordinarily does not waive the objection"). Thus, a claim that the government has breached a plea agreement is a question of

---

[2]There is a circuit split concerning the question of whether a defendant waives his right to appeal a claim that the government breached the plea agreement where the defendant failed to object to the breach before the district court. Circuit courts adhering to the view that a defendant waives his right to appeal a claim of breach not raised before the district court review such claims under the "plain error" exception to the waiver rule, while courts that do not deem the issue waived review the question de novo. Compare United States v. Thayer, 204 F.3d 1352, 1356 (11th Cir. 2000); United States v. Hicks, 129 F.3d 376, 378 (7th Cir. 1997); United States v. Palomo, 998 F.2d 253, 256 (5th Cir. 1993); United States v. Fant, 974 F.2d 559, 562 (4th Cir. 1992); United States v. Flores-Payon, 942 F.2d 556, 560 (9th Cir. 1991); United States v. Benson, 836 F.2d 1133, 1135 (8th Cir. 1988) with United States v. Lawlor, 168 F.3d 633, 636 (2d Cir. 1999); United States v. Courtois, 131 F.3d 937, 938 & n.2 (10th Cir. 1997); United States v. Moscahlaidis, 868 F.2d 1357, 1360 (3d Cir. 1989). See also United States v. Gonzalez-Perdomo, 980 F.2d 13, 15 (1st Cir. 1992) (noting circuit split).

5

law that we review de novo. United States v. Courtois, 131 F.3d 937, 938 & n.2 (10th Cir. 1997); United States v. Robertson, 45 F.3d 1423, 1442-43 (10th Cir. 1995).

We apply a two-step analysis to determine if the government breached a plea agreement: "(1) we examine the nature of the government's promise; and (2) we evaluate this promise in light of the defendant's reasonable understanding of the promise at the time the guilty plea was entered." United States v. Brye, 146 F.3d 1207, 1210 (10th Cir. 1998). Principles of general contract law guide our analysis of the government's obligations under the agreement. See id. Thus, in assessing whether the government has breached the agreement, we look to the express terms of the agreement and construe any ambiguities against the government as the drafter of the agreement. See id.; United States v. Cerrato-Reyes, 176 F.3d 1253, 1264 (10th Cir. 1999). This court also has explained that:

> [T]he government breaches an agreement not to oppose a motion when it makes statements that do more than merely state facts or simply validate facts found in the Presentence Report and provides a legal characterization of those facts or argues the effect of those facts to the sentencing judge.

Brye, 146 F.3d at 1211 (internal citation and quotations omitted).

## A. Aberrant Behavior

Peterson argues that the prosecution improperly opposed his aberrant behavior claim by referring to evidence of his other sexual offenses. The

6

government qualified its promise in the plea agreement not to oppose a downward departure motion by requiring that any such motion be made in good faith. In other words, the government implicitly reserved the right to oppose a motion for a downward departure that was not made in good faith. In this case, the PSR shows that the sexual assault to which Peterson pleaded guilty was not an isolated incident, but rather that Peterson had committed many sexual assaults on minors throughout his life. Based on the evidence contained in the PSR, we conclude that Peterson did not make his aberrant behavior claim in good faith. This court therefore finds that the United States did not breach the plea agreement when it called the court's attention to evidence in the PSR of other sexual abuse by Peterson.

## B. Age and Ill Health

Peterson argues that the prosecutor breached the plea agreement when he stated that (1) Peterson had cited no case law to support the argument that age and health concerns would warrant a downward departure and (2) many defendants have age and health concerns. We disagree. Even if the prosecutor's comments constituted legal argument, the plea agreement permitted him to make those comments if he believed that Peterson's argument was not made in good faith. We construe the prosecutor's comments to reflect such a belief.

Nothing in the record indicates that Peterson's age and health were of unusual concern. Indeed, the PSR notes that Peterson is 61, suffers from diabetes and hypertension, and has been treated for depression and anxiety. The PSR then states that Peterson's "physical and mental condition are not extraordinary to the extent that a downward departure is justified." Based on the record before us, we conclude that Peterson did not make his age and ill health argument in good faith. We therefore find that the prosecutor did not breach the plea agreement when he opposed a downward departure on those grounds.

## C. Post-Arrest Rehabilitation

Peterson argues that the prosecutor, in effect, improperly opposed the downward departure motion when he pointed out that Peterson could receive treatment in federal prison and that Peterson could have received a much longer sentence had he elected to go to trial on all six counts in the indictment. These statements were references to facts contained in the PSR. As this court explained in Brye, the government does not breach its promise not to oppose a motion for a downward departure merely because the prosecutor refers to facts contained in the PSR. The government breaches the agreement by providing a "legal characterization" of the facts or by arguing their effect to the sentencing judge. Because the prosecutor only drew the court's attention to facts contained in the PSR without making any legal argument in connection with the facts, we conclude

8

that the prosecutor did not improperly oppose the motion when he made these statements.

Peterson further claims that the prosecution implicitly criticized his post-arrest rehabilitation argument by pointing out that he accepted responsibility long after he committed the charged sexual abuse. Although a comment of this nature would arguably constitute a "legal characterization" of the facts prohibited by our decision in Brye, our review of the record indicates that the prosecutor's comments relating to Peterson's acceptance of responsibility were ambiguous and most obviously related to a purely factual matter contained in the PSR. ("Mr. Peterson has accepted responsibility; however, this was in–the last offense that's set forth in the indictment and set forth in the presentence report is this occurred until the victim was ten years old.") We therefore find that the prosecution did not violate the plea agreement when it referred to Peterson's acceptance of responsibility.

**D. Other Statement**

Finally, Peterson insists that the prosecutor improperly opposed the downward departure motion when he remarked, in closing, that "there may be forgiveness; however, there are consequences to one's acts." We agree with Peterson that this statement constitutes opposition to the motion for a downward

departure. However, we conclude that the prosecutor's comment did not breach the plea agreement.

Taken as a whole, the prosecutor's comments reflect his opposition to Peterson's downward departure motion because it was not made in good faith. We construe the prosecutor's final statement about forgiveness and consequences to be a general summary of his position that there was no good faith basis for a downward departure in this case. Nothing in the record contradicts the prosecutor's position or in any way indicates that a downward departure was warranted in this case. The prosecutor's concluding remark therefore was permitted under the plain language of the plea agreement.

### III. Conclusion

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971); see also Brye, 146 F.3d at 1209. Here, Peterson agreed to the plea in exchange for the prosecutor's promise not to oppose a motion for a downward departure if the motion was made in good faith. Because Peterson did not move for a downward departure in good faith, the prosecutor was free to oppose the motion. In addition, under Tenth Circuit law, the prosecutor was free to refer to facts in the PSR. Thus, the prosecutor did not breach its plea agreement with

10

Peterson when it commented on Peterson's motion for a downward departure at the sentencing hearing.

AFFIRMED.

99-2042, <u>United States of America v. Peterson</u>
**EBEL, Circuit Judge, dissenting**

I respectfully dissent.

In my opinion, the prosecutor's statement concerning the lack of precedential support for a downward departure based on age and health was improper legal argument. Similarly, the prosecutor's comment that many other criminal defendants have age- and health-related problems suggested that Peterson's problems were not of the unusual or atypical nature required for the court to conclude that a downward departure was appropriate in Peterson's case, and is therefore also legal argument in opposition to the motion. <u>See</u> <u>United States v. Jones</u>, 158 F.3d 492, 496-97 (10th Cir. 1998).

Further, I believe the prosecutor's comments that "there may be forgiveness; however, there are consequences to one's acts" also constitutes opposition to the motion for downward departure. The impact of that statement is that the defendant should be required to bear the full consequence of his behavior without the mitigation of a downward departure.

I cannot conclude that Peterson's request for a downward departure based on age and health are so devoid of merit as to be characterized as made in bad faith. Read in total, the prosecutor's comments conveyed to the judge a subtle, but clear, opposition to downward departure. In my opinion, this is a violation of the government's plea agreement.

Thus, I would REVERSE the sentence of the district court and REMAND for Peterson to be resentenced before a different judge.  See Santobello v. New York, 404 U.S. 257 (1971).