**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 3 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DINO RAY LUCERO,

    Defendant-Appellant.

No. 99-4242
(D.C. No. 99-CR-259)
(District of Utah)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **PORFILIO**, and **LUCERO**, Circuit Judges.

Dino Ray Lucero challenges his sentence for felon in possession of a firearm in violation of 18 U.S.C. § 922 (g)(1) following his guilty plea. Mr. Lucero asserts the government violated his plea agreement when its motion for a downward departure included a statement his testimony in another case was "merely corroborative," when another United States Attorney had stated, "I don't believe that we could glean that

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

information from any other witness." Because the government agreed to make the motion as part of his plea agreement, Mr. Lucero argues the dismissive statement is a breach of the government's duty of good faith and his plea should be set aside. We disagree and affirm the sentence.

Mr. Lucero was arrested after he agreed to sell several firearms to an undercover agent of the FBI. He was indicted and agreed to plead guilty. In his plea agreement, Mr. Lucero consented to aid the government in another case about a bank robbery allegedly committed by Gilbert Fontanez, a former cellmate of Mr. Lucero's. In exchange for this aid, the government agreed to recommend Mr. Lucero receive full credit for acceptance of responsibility for his crime and to further recommend Mr. Lucero be sentenced at the bottom of the applicable sentencing guideline range. The agreement further stated if in the sole discretion of the government Mr. Lucero's aid was judged to be substantial the government would file a motion on Mr. Lucero's behalf for downward departure of up to four sentencing guideline levels. The agreement also informed Mr. Lucero the district court was not bound to follow any of the government's sentencing recommendations, and if it declined to do so, he would not be allowed to change his plea.

Mr. Lucero's agreement with the government came just prior to Mr. Fontanez's trial date. Because of potential conflicts between Mr. Lucero, Mr. Fontanez, and Mr. Fontanez's counsel, the government requested a continuance in Mr. Fontanez's case. At a status conference to discuss the continuance (attended by counsel for Mr. Lucero), the

2

district court questioned the government about the importance of Mr. Lucero's testimony and thus the need for the continuance. The following exchange occurred:

> COURT: In your professional judgment that evidence would be critical if the case against Mr. Fontanez went to trial; is that right?
>
> COUNSEL FOR THE U.S.: That is correct, Your Honor. I don't believe we could glean that information from any other witness that we could have called.

Ultimately, Mr. Fontanez was sentenced without trial, following a plea agreement.

At his sentencing hearing, Mr. Lucero objected to the government's failure to file a motion for downward departure, as it had promised in his plea agreement. Counsel for the government replied the prosecutor in Mr. Fontanez's case indicated Mr. Lucero's assistance had not met the threshold of substantial assistance justifying that relief. Mr. Lucero's counsel explained the importance of Mr. Lucero's testimony, relating the exchange between the court and the prosecutor in the Fontanez case. He further requested time to subpoena the participants, and an evidentiary hearing. The sentencing hearing was then postponed to allow the government to further investigate the propriety of a motion for downward departure.

After investigation, the United States filed a motion for downward departure, requesting a one-level reduction based on Mr. Lucero's assistance. The motion characterized Mr. Lucero's testimony as "fairly accurate with the evidence and merely corroborative of numerous other previously identified witnesses."

3

At a second sentencing hearing, Mr. Lucero's counsel again requested an evidentiary hearing on the sentencing motion. The district court declined to investigate the matter further and proceeded with sentencing. The court granted the one-level departure requested by the government, noting at the time that it was free to depart downward further if it felt so inclined because the government's motion for downward departure once made could not be limited to a single level. The resulting sentencing range was 37 to 46 months, from which the court chose a sentence of 42 months. Mr. Lucero protested this sentence was at the upper end of the range, however, the court made clear it was aware of the plea agreement but chose a sentence it thought appropriate for Mr. Lucero's offense. This appeal followed.

Mr. Lucero's argument is a succinct one. He contends the government's statement in the motion for downward departure is a material breach of the duty of good faith because plea agreements are generally subject to a contract analysis. *United States v. Peterson*, 225 F.3d 1167, 1170 (10th Cir. 2000).

The issue of whether the government has violated a plea agreement is a question of law reviewed *de novo*. *Id.* We utilize a two-step analysis to determine whether the United States violated a plea agreement: 1) examine the nature of the promise; and 2) evaluate the promise in light of the defendant's reasonable understanding at the time of the guilty plea. *United States v. Brye*, 146 F.3d 1207, 1210 (10th Cir. 1998). The Court applies general principles of contract law to define the government's obligations under

4

the agreement looking to the express language and construing any ambiguities against the government as the drafter of the agreement. *Id.*

Mr. Lucero admits no case directly addresses the government's obligation when it files a motion for downward departure that satisfies a plea agreement, as this one clearly does. Nevertheless, he argues, general principles of contract law apply, and thus each party has a duty of good faith and fair dealing. *Restatement (Second) of Contracts* § 205 (1979). He asserts the government's evaluation of his testimony in the motion for downward departure as "merely corroborative of numerous other previously identified witnesses" was deliberately misleading and thus a breach of good faith. He states prior to his testimony the government had no reliable witness to connect Mr. Fontanez to the bank robbery, and his testimony was accurately described by the prosecutor in that case as "critical" and unable to be obtained from other sources. Mr. Lucero's arguments leave us unconvinced.

First, Mr. Lucero has not presented us with any firm evidence that the motion for downward departure's description of his aid to the government as "merely collaborative" is misleading. It may very well be that the alternative description of his testimony as "critical" was inaccurate. It was, after all, put forward in an attempt to justify a continuance. Indeed, Mr. Lucero grants it may have involved some "puffery" on the part of the prosecuting attorney. If the government's statement in the motion for downward

5

departure was not substantially misleading, then Mr. Lucero's case for a breach of the duty of good faith collapses.

Even accepting Mr. Lucero's characterization of the "merely corroborative" statement as misleading does not yield him the relief he desires. The statement does not rise to a material breach of the duty of good faith because the government fulfilled its obligations under the plea agreement: it filed the motion for downward departure. Mr. Lucero must have reasonably expected the government would evaluate his aid when it did so, and evaluate it in a way different from his own opinion. He was also aware the district court was not bound by any request or representation of the government. Further, Mr. Lucero presented his own version of events to the district court. The district court made it abundantly clear to him it was choosing a sentence it felt appropriate for him considering all the arguments and granting the downward departure. Mr. Lucero was promised nothing more and could not have reasonably expected anything more. The government's statement in the motion for downward departure had no apparent impact on the sentencing and certainly was not a material breach of the duty of good faith. Thus the plea agreement was fully adhered to, and no breach took place.

**AFFIRMED**.

ENTERED FOR THE COURT

John C. Porfilio
Senior Circuit Judge

6