**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 11 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JERRY GREENHAW,

Defendant-Appellant.

No. 01-5061
(D.C. No. 99-CR-126-H)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Judge, **PORFILIO** , Circuit Judge, and **BRORBY** , Senior Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Jerry Greenhaw was convicted, following the entry of a guilty plea, of conspiracy to possess with intent to distribute a controlled substance and criminal forfeiture, for which he was sentenced to 161 months incarceration. He contends on appeal that the district court erred in assigning a criminal history category of II, and that the government breached the plea agreement by failing to file a USSG § 5K1.1 motion for downward departure to a prison term of 96 months. The government has filed a motion to dismiss, arguing that Mr. Greenhaw waived his appellate rights in the plea agreement. We agree with the government, and, accordingly, dismiss this appeal.

The written plea agreement states:

> (b) Appellate Rights; Limitations
>
> As set forth below, you understand that the stipulated sentence in your case will be a term of imprisonment within the range of Offense Level THIRTY-THREE (33), as calculated according to the appropriate Criminal History Category. You further understand that 18 U.S.C. § 3742 gives you the right to appeal the sentence imposed by the Court. Should the Court accept your guilty plea and impose a sentence within the stipulated Guideline range, you knowingly and voluntarily waive your right to appeal the sentence imposed and the manner in which the sentence is determined. This agreement does not effect the appellate rights of the United sates Attorney's Office, as set forth in 18 U.S.C. § 3742(b).

This court will hold a defendant to the terms of a lawful plea agreement. *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). "'A defendant's knowing and voluntary waiver of the statutory right to appeal his sentence is generally enforceable.'" *Id*. (quoting *United States v. Hernandez*, 134 F.3d 1435, 1437 (10th Cir. 1998)). Such agreements waiving the right to appeal are subject to certain exceptions, including whether the agreement was involuntary or unknowing. *United States v. Cockerham*, 237 F.3d 1179, 1182 (10th Cir. 2001), *cert. denied*, 122 S.Ct. 821 (2002). Mr. Greenhaw does not contend that either the plea agreement or waiver of the statutory right to appeal was unknowing or involuntary. *See Hernandez*, 134 F.3d at 1337-38 (holding that the defendant clearly waived his right to appeal where there was "no suggestion" that the defendant did not knowingly and voluntarily enter into the plea agreement and the waiver of the statutory right to appeal).

Rather, Mr. Greenhaw argues that the government breached the agreement. The waiver provision may be unenforceable if the government breaches the terms of the plea agreement. *See United States v. Branam*, 231 F.3d 931, 931 n.1 (5th Cir. 2000) ("We consider whether the Government breached the plea agreement despite an appeal-waiver provision in the plea agreement."); *United States v. Wilkerson*, 179 F.3d 1083, 1084, n. 2 (8th Cir. 1999) (waiver provision does not bar an appeal if the government has breached the agreement)*; United*

*States v. Rosa*, 123 F.3d 94, 98 (2d Cir. 1997) ("'By opposing the acceptance of responsibility adjustment, the government by its breach of the agreement released [defendant] from his promise ... not to appeal.'" (quoting *United States v. Gonzalez*, 16 F.3d 985, 990 (9th Cir. 1993)). *See also Atterberry*, 144 F.3d at 1301, n.3 (indicating that government's breach of agreement may render waiver unenforceable).

In determining whether the government breached the plea agreement. In determining whether the government breached a plea agreement, this court examines the nature of the government's promise, and evaluates the promise in light of the defendant's reasonable understanding of the promise at the time the guilty plea is entered. *United States v. Peterson*, 225 F.3d 1167, 1170-71 (10th Cir. 2000), *cert. denied*, 531 U.S. 1131 (2001). In assessing whether the government has breached the agreement this court looks to the express terms of the agreement. *Id*.

In the agreement, the parties stipulated that Mr. Greenhaw's base offense level was 38; that a two-level upward adjustment under USSG § 2D1.1(b)(1) was applicable because Mr. Greenhaw had possessed a firearm; and that a two-level downward departure under § 3E1.1(a) was warranted because he had accepted responsibility. The government agreed to move for a 5-level downward departure

under 5K1.1 if Mr. Greenhaw provided substantial assistance. Accordingly, the parties then stipulated to an adjusted offense level of 33.

The government also agreed to move for a further departure, up to 5 levels, based on Mr. Greenhaw's cooperation against individuals not named in the indictment. The government subsequently moved for a two-level departure. However, in spite of vigorous argument by the government's counsel, the district court only granted a one-level departure to 32.

The government did not agree, as argued by the defendant, that it would move for a departure to an offense level of 28 and a sentence of 96 months. The government merely agreed that, should the court depart downward to an offense level of 28, it would recommend a 96-month sentence. Since the court did not depart to 28, the government was not obligated to recommend the 96-month sentence.

Mr. Greenhaw also argues that he did not waive his right to appeal the trial court's determination of his criminal history category. This argument is without merit. The waiver provision, set forth above in its entirety, shows that the defendant waived his right to appeal a term of imprisonment within the offense level of 33 "as calculated according to the appropriate Criminal History Category." Moreover, the plea agreement states that there is no stipulation as to the defendant's Criminal History Category. In addition, the district court

explained to Mr. Greenhaw at the change of plea hearing that he was giving up any appellate rights if he is sentenced at an offense level of 33 or less. Mr. Greenhaw indicated that he understood and had discussed it with his attorney.

Accordingly, because Mr. Greenhaw has waived his right to appeal, this appeal is **DISMISSED** .

Entered for the Court

Deanell Reece Tacha
Chief Judge