**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 21 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE ANTONIO NAVARRO, aka
Little Man,

Defendant - Appellant.

No. 03-6241

(W.D. Oklahoma)

(D.C. No. 02-CR-68-F)

**ORDER AND JUDGMENT** *

Before **TACHA,** Chief Circuit Judge, **ANDERSON** and **BALDOCK** , Circuit
Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Pursuant to a plea agreement, Jose Antonio Navarro entered a guilty plea to manufacturing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). He was sentenced, under the United States Sentencing Commission, Guidelines Manual ("USSG") (Nov. 2002), to 293 months' imprisonment, followed by five years of supervised release. On appeal, Navarro claims the government breached the plea agreement by recommending sentencing enhancements that would result in a sentence in excess of 240 months. For the reasons set forth below, we dismiss Navarro's appeal.

**BACKGROUND**

On April 16, 2002, Navarro was charged by indictment with conspiracy to manufacture fifty grams or more of methamphetamine, in violation of 21 U.S.C. § 846, and being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). On December 6, 2002, following plea negotiations, Navarro signed a Plea Agreement under Fed. R. Crim. P. 11(c)(1)(B). [1] Pursuant

_____

[1]Rule 11(c)(1)(B) states that a
plea agreement may specify that an attorney for the government will:
. . . .
recommend, or agree not to oppose the defendant's request, that a particular sentence or sentencing range is appropriate or that a particular provision of the Sentencing Guidelines, or policy

(continued...)

to the Agreement, Navarro pled guilty to a Superseding Information charging him in Count One with violating 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and in Count Two with violating 18 U.S.C. § 922(g)(1), as described above.

The Plea Agreement provided that, based on the information then known to the parties, the following positions would be taken in regard to the Sentencing Guidelines:

> 1) the government stipulates that for purposes of computing relevant conduct under USSG §2D1.1, it could reliably prove at least 20 grams but less than 35 grams of methamphetamine (actual); 2) the parties recommend that if defendant complies with USSG §3E1.1, he should be given credit for acceptance of responsibility.

Plea Agreement at 5, R. Vol. 1, tab 55. The Agreement further stated that "[t]he defendant acknowledges and understands that the Court is not bound by, nor obligated to accept, these stipulations, agreements, or recommendations." Id. Rather, "the Court has jurisdiction and authority to impose any sentence within the statutory maximum for the offense(s) to which he is pleading guilty." Id. at 6. The Agreement stated that "[a]cknowledging all this, defendant in exchange for the promises and concessions made by the United States in this plea agreement, knowingly and voluntarily waives his right to appeal or collaterally challenge"

---

[1](...continued)
statement, or sentencing factor does or does not apply (such a recommendation or request does not bind the court).
Fed. R. Crim. P. 11(c)(1)(B).

any aspect of his conviction, or his sentence if within the applicable guideline range. Id. at 6-7.

On February 26, 2003, an initial Presentence Investigation Report ("PSR") was issued by the U.S. Probation Office. The PSR set the base offense level at 30, following USSG §2D1.1(c)(5) (applying to violations of 21 U.S.C. § 841(a) involving at least 35 grams but less than 50 grams of methamphetamine (actual)). It then calculated an adjusted offense level of 29 and a criminal history category of VI, resulting in an imprisonment range of 151 to 188 months.

On March 12, 2003, the government filed its objections to the initial PSR, indicating, as stipulated in the Plea Agreement, that it could reliably prove at least 20 but less than 35 grams of methamphetamine (actual). The government also objected to the PSR's failure to include enhancements under USSG §2D1.1(b)(5), for the unlawful discharge, emission or release into the environment of a hazardous or toxic substance, and USSG §3B1.1, for an aggravating role in the offense. The government offered factual support for the applicability of these enhancements.

The Probation Office issued a revised PSR in response to these objections. The revised PSR lowered the base offense level to 28, following USSG §2D1.1(6) (applying to violations of 21 U.S.C. § 841(a) involving at least 20 grams but less than 35 grams of methamphetamine (actual)). It also included a two-level

enhancement under USSG §2D1.1(b)(5) and a four-level enhancement under USSG §3B1.1. The revised imprisonment range was set at 235 to 293 months.

Navarro objected to the §2D1.1(b)(5) and §3B1.1 enhancements. Following a hearing, the district court ruled that both enhancements were appropriate and sentenced Navarro to 240 months' imprisonment on Count One and 120 months' imprisonment on Count Two, 53 months of which would run consecutively to the term imposed for Count One. This resulted in a sentence of 293 months' imprisonment, at the top of the Guidelines range. Navarro's counsel then stated that, during the plea negotiations, "it was clearly my understanding, and my advice to my [client], that Count 2 would merge into Count 1 and that his maximum exposure was not more than [240 months]." Hr'g Tr. at 49, R. Vol. 3. The court construed this statement as a motion to reconsider the sentence and denied the motion.

Navarro filed a notice of appeal on September 3, 2003. The government moved to dismiss based on the waiver of appeal in the Plea Agreement. In his response to the government's motion, Navarro argued that the waiver does not apply because the government's recommendations of USSG §2D1.1(b)(5) and §3B1.1 sentencing enhancements were in breach of the Plea Agreement. We reserved judgment on the motion to dismiss and ordered the parties to submit briefs on the merits. Navarro now asks us to remand this case to the district court

for an evidentiary hearing on whether the government breached the Plea Agreement. The government claims there was no breach and asks us to dismiss Navarro's appeal.

## DISCUSSION

As an initial matter, we note that since the parties submitted their briefs, this court has addressed the subject of waivers of appeal in plea agreements in United States v. Hahn, 359 F.3d 1315 (10th Cir. 2004) (en banc). Hahn directs us to apply a three-prong analysis to determine whether such a waiver requires dismissal of a defendant's appeal. Id. at 1325. The first step in the analysis is to determine whether the current appeal "falls within the scope of the waiver of appellate rights." Id.

Recognizing that "contract principles govern plea agreements," id. at 1324-25, we believe an appeal alleging breach of an agreement likely does not fall within the scope of the agreement's waiver provision. See United States v. Guzman, 318 F.3d 1191, 1195 (10th Cir. 2003) (recognizing that "a waiver provision may be unenforceable if the government breaches the terms of the Plea Agreement"); see also United States v. Mason, 343 F.3d 893, 894 (7th Cir. 2003) ("[I]f the plea agreement turns out to be unenforceable, maybe because the government committed a material breach . . ., the waiver falls with the agreement

-6-

and the appellant can appeal."); United States v. Bowe, 309 F.3d 234, 237 (4th Cir. 2002) (recognizing a defendant would not be bound by a waiver if the government breached the plea agreement); United States v. Gonzalez, 309 F.3d 882, 886 (5th Cir. 2002) ("[W]here the government has breached . . . a plea agreement, the defendant is necessarily released from an appeal waiver provision contained therein."); United States v. Rosa, 123 F.3d 94 (2d Cir. 1997) ("A defendant may appeal [despite a waiver provision] if the Government breaches the terms of the plea agreement."); United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996) ("[W]e have recognized that the waiver of a right to appeal may be subject to certain exceptions such as claims involving a breach of the plea agreement . . . ."). Because the parties have not briefed this issue and its resolution would not affect the outcome of this case, we assume *arguendo* that an allegation of breach does not fall within the scope of an appellate waiver. We thus consider Navarro's claim without further reference to the analytical framework adopted by Hahn.

"Whether government conduct has violated a plea agreement is a question of law which we review *de novo*." United States v. Hawley, 93 F.3d 682, 690 (10th Cir. 1996). To determine whether the government has breached a plea agreement, we first "examine the nature of the government's promise" and then "evaluate this promise in light of the defendant's reasonable understanding of the

promise at the time the guilty plea was entered." United States v. Werner, 317 F.3d 1168, 1170 (10th Cir. 2003). "Principles of general contract law guide our analysis of the government's obligations under the agreement." United States v. Peterson, 225 F.3d 1167, 1171 (10th Cir. 2000). Thus, "we look to the express terms of the agreement and construe any ambiguities against the government as the drafter of the agreement." Id.

Here, the Plea Agreement does not contain any express stipulation or promise by the United States that it would not inform the Probation Office of relevant conduct by Navarro or that it would not recommend sentencing enhancements based on such conduct. To the contrary, the Agreement states that "[t]he United States reserves the right to inform the Probation Office and the Court of . . . the nature and extent of defendant's activities with respect to this case." Plea Agreement at 12, R. Vol. I, tab 55. Nowhere in the Agreement is there any indication of a promise by the government that Navarro's sentence would not exceed 240 months. Rather, the Agreement states that "[t]he United States does not make any promise or representation as to what sentence defendant will receive." Id. The Agreement further states that "this document contains the only terms of the agreement concerning [the defendant's] plea of guilty in this case, and . . . there are no other deals, bargains, agreements, or understandings which modify or alter these terms." Id. at 13.

Navarro contends, citing  Guzman , 318 F.3d at 1196, that we must remand this case to the district court because he and the government disagree on the nature of the government's promise.  However,  Guzman  does not support a remand where the alleged factual dispute involves a defendant's unsubstantiated claim that the government made a promise not contained in the plea agreement itself.

We conclude as a matter of law that the Plea Agreement here unambiguously lacks any promise by the government not to recommend sentencing enhancements that could cause Navarro's sentence to exceed 240 months.  We therefore hold that the government did not breach the Plea Agreement.  As Navarro makes no other arguments challenging the validity of the Agreement's waiver provision, we dismiss this appeal in accord with the provision.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss is GRANTED and Navarro's appeal is DISMISSED.  The government's motion to supplement the record is GRANTED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge