**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 22, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GARY SMITH,

Defendant - Appellant.

No. 04-1494
(D. Ct. No. 04-CR-15-RB)
(D. Colo.)

**ORDER AND JUDGMENT***

Before **TACHA**, Chief Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **HARTZ**, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously to grant the joint motion to submit this appeal on the briefs. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-Appellant Gary Smith pleaded guilty to being a felon in possession of a firearm and ammunition. *See* 18 U.S.C. § 922(g)(1). As part of the plea agreement, the

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Government agreed not to oppose Mr. Smith's motion for a downward departure based upon voluntary disclosure. *See* U.S. Sentencing Guidelines Manual § 5K2.16 (2003) ("U.S.S.G." or "Guidelines"). Nonetheless, the Government opposed the U.S.S.G. § 5K2.16 departure motion at sentencing. The District Court agreed with the Government on this score and declined to grant the departure. Also at sentencing, Mr. Smith challenged the constitutionality of the mandatory application of the Guidelines pursuant to *Blakely v. Washington*, 542 U.S. 296 (2004). The District Court rejected Mr. Smith's argument, and Mr. Smith timely appeals. We take jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1) and REVERSE and REMAND.

On appeal, the Government concedes that it agreed not to oppose the U.S.S.G. § 5K2.16 departure at sentencing. It also concedes that Mr. Smith's failure to raise this issue at sentencing is immaterial. *See United States v. Peterson*, 225 F.3d 1167, 1170 (10th Cir. 2000) ("[T]his circuit has held that a defendant does not waive his right to appeal a claim that the government has breached a plea agreement when he fails to object to the breach before the district court."). As such, the Government agrees that remand is in order on this issue.

Next, Mr. Smith argues that the District Court committed non-constitutional *Booker* error by applying the Guidelines mandatorily, even though it did not rely upon judge-found facts to enhance the relevant statutory maximum. *See United States v. Booker*, 543 U.S. —, 125 S. Ct. 738 (2005); *United States v. Gonzalez-Huerta*, 403 F.3d

727, 731–32 (10th Cir. 2005) (en banc) (discussing the distinction between constitutional and non-constitutional *Booker* error). Mr. Smith further argues that because he preserved this error below and because the error is not harmless, a remand is required. *See United States v. Labastida-Segura*, 396 F.3d 1140, 1143 (10th Cir. 2005) (on harmless-error review, remanding a non-constitutional *Booker* error case in the face of a silent record). The Government concedes Mr. Smith's *Booker* argument.

Therefore, we REVERSE and REMAND for resentencing in light of *Booker*. We further ORDER that the Government shall not oppose Mr. Smith's motion for a downward departure pursuant to U.S.S.G. § 5K2.16.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge