2005 WY 105

**John Franklin SPENCER, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 04–100.**

Supreme Court of Wyoming.

Aug. 30, 2005.

Representing Appellant: Kenneth M. Koski, State Public Defender, and Donna D. Domonkos, Appellate Counsel. Argument by Ms. Domonkos.

Representing Appellee: Patrick J. Crank, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling; Senior Assistant Attorney General; Eric Johnson, Director, Prosecution Assistance Program; and Scott Dutcher, Student Intern. Argument by Mr. Dutcher.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, and BURKE, JJ.

HILL, Chief Justice.

[¶ 1] Appellant, John Franklin Spencer (Spencer), challenges the district court's decision to impose a sentence that was meted out so as to be served consecutive to a sentence previously imposed in federal court, but concurrent with a sentence that was previously imposed by another Natrona County district judge. The sentence previously imposed in Natrona County was imposed in such a manner so as to be concurrent with the federal sentence. Spencer entered a plea of guilty pursuant to a plea bargain wherein the prosecutor agreed that the sentence in this case would be concurrent, and of the same duration, as the other Natrona County sentence. No mention was made of the status of the federal case; indeed, the existence of the federal sentence was not broached with the district court until the day of sentencing. Spencer contends that the prosecutor breached the plea bargain, that the sentence imposed is illogical and, perhaps, illegal (in theory it must be served twice), and that the sentence was otherwise improper. We will reverse and remand with directions that the district court impose a sentence consistent with the plea agreement (i.e., the sentence in this case must be concurrent with, and of the same duration, as Spencer's other state sentence, but not consecutive to his federal sentence), or permit Spencer to withdraw his guilty plea.

## ISSUES

[¶ 2] Spencer raises these issues:

I. Whether [Spencer] received an illegal sentence when the district court ordered that his sentence run concurrently and consecutively in a manner which has [Spencer] serving his sentence twice.

II. Whether [Spencer] is entitled to specific performance on his plea agreement or in the alternative whether he should be allowed to withdraw his guilty plea.

The State rephrases the issues thus:

I. Did the trial court exceed its authority when it made [Spencer's] sentence in this case concurrent to another state sentence but consecutive to his federal sentence; and does the trial court's sentencing order require [Spencer] to serve the same sentence twice, in violation of the Double Jeopardy Clause?

II. Did the prosecutor violate the plea agreement by recommending that [Spencer's] sentence in this case be concurrent to another state sentence but consecutive to his federal sentence?

### FACTS AND PROCEEDINGS

[¶ 3] Spencer was arrested on February 27, 2003, and charged with violating Wyo. Stat. Ann. § 6–3–403 (LexisNexis 2005) (receiving and disposing of stolen property). He appeared for arraignment on April 8, 2003, at which time he entered pleas of not guilty.

[¶ 4] A change of plea hearing was held on August 28, 2003. At that hearing, the district court asked Spencer's counsel if Spencer was going to change his plea. Defense counsel replied:

Yes. Well, Your Honor, the plea agreement is that Mr. Spencer will plead guilty to the receiving stolen property count, and I'm not positive which number. I believe it's the first case. Mr. Schafer has those enumerated.

The second case would be dismissed. But as part of this plea agreement, Mr. Spencer will also plead guilty to a charge in front of Judge Park. The conditions of the plea are that these are cold pleas. The only thing is that they will run concurrent between cases in front of both Courts.

[¶ 5] The prosecutor enlarged on that somewhat:

Yes, Your Honor. In case number 15834–B, the defendant will be pleading guilty and providing a factual basis to the count of receiving and concealing stolen property. And in this file, 15848–B, the State will be moving to dismiss in exchange for Mr. Spencer's plea of guilty to the other charge as I indicated.

And in Judge Park's file, Your Honor, it's case number 15878, we have a plea disposition in which defendant would plead guilty to Count II, III, and IV and Counts I and V will be dismissed. We've agreed that all counts will run concurrent and that after the preparation of a presentence investigation, we'll be arguing sentencing at that time, each case to run concurrent, Your Honor.

Spencer then changed his plea to guilty. As a part of its advisements to Spencer, the district court stated that it "would defer acceptance of the plea agreement pending presentence investigation." However, no mention was made at these proceedings about ongoing criminal charges in a federal court or a sentence having been imposed in a federal court. A Presentence Investigation Report was filed in the district court on October 17, 2003. No mention is made of pending federal charges in the presentence report.

[¶ 6] On November 14, 2003, Spencer was scheduled to appear before the district court for sentencing. However, at that time he was in the custody of federal authorities and not present for sentencing. Sentencing was then rescheduled. On December 9, 2003, Spencer again was to appear for sentencing. Spencer had been brought to Casper for this proceeding, but was inexplicably transported back to Wheatland by federal authorities before it was convened. At this December 9, 2003 proceeding, it became evident that the district court would need to issue a Writ of Habeas Corpus Ad Prosequendum and such a writ was issued. Apparently because of the difficulty of getting Spencer before the court for sentencing, the district court continued sentencing proceedings in this matter until after the federal proceedings were concluded. Although it must be assumed that

Spencer was aware that he had been prosecuted and sentenced in federal court, that judgment and associated sentence is not a matter of record in this case.

[¶ 7]   On March 9, 2004, Spencer finally appeared before the district court for sentencing.  The prosecutor made this overture to the district court with respect to sentence:

Mr. Spencer comes before the Court on a felony charge of receiving and concealing stolen property.  The Court can recall the defendant provided a factual basis in which he admitted basically to accepting a pool stick, a leather jacket, a western knife, and a .357 handgun, and basically attempting to get rid of those particular items.

Recently, Mr. Spencer was sentenced in front of Judge Park on a charge of two counts of burglary and one count of grand larceny.  He also, Your Honor, was recently sentenced in federal court for 57 months on a drug case.  Our agreement in this case essentially is that it's a cold plea, but we have agreed to run it concurrent to the sentence that the defendant received in Judge Park's court where he was sentenced last month.  And that is docket number 15878–A.

Just for the Court's information, Judge Park did sentence the defendant recently, and he received a four- to six-year sentence to run concurrent with this case and also to run concurrent with the sentence that he received in federal court of 57 months.

What I'm recommending to the Court, Your Honor, is that he receive a four- to six-year sentence in this court today, that it run concurrent with the sentence that Judge Park sentenced the defendant to, but that it run consecutive to the sentence that defendant received in federal court.

As the Court can see, the defendant does have a pretty significant criminal record.  Checking that, Your Honor, they— his felony convictions started off earlier back in the early '90s.  He has a record that starts in 1991.  I counted up his previous felonies which were two prior felonies, one federal felony for a total of three felonies.  And then if you count the felonies that he was recently sentenced for in Judge Park's court, there are three additional felonies.  So technically, this would be his seventh felony conviction.

I think a four- to six-year sentence is even somewhat low considering that number of felonies, but I would have to advise the Court that he did make a proffer and did provide information in reference to the felony conviction that he was sentenced to.  Most of the recent felonies I believe are due to the fact that the defendant was a severe substance abuser with the use of methamphetamine.  And it does indicate in the Presentence Investigation that he's received treatment.  In fact, he received inpatient treatment twice before he got in trouble for these particular offenses.

The Presentence Investigation does recommend a sentence at the Wyoming State Penitentiary with the Intensive Treatment Unit. We would agree with that, Your Honor.  And so I would recommend four to six years in the Wyoming State Penitentiary to run concurrent with 15878–A, that's Judge Park's case, and to run consecutive to the defendant's federal sentence.  I would also, Your Honor, recommend that the defendant be required to pay restitution as indicated in the Presentence Investigation.

I recently called the police department evidence room to find out whether any of those items were recovered: the coat, the pool cue, the gun, or the leather jacket.  None of those items were recovered.  So I would recommend what's outlined in the Presentence Investigation, that the defendant pay that specific amount which—I can't find it right now, Your Honor, but it is indicated in the Presentence Investigation.  Thank you.

[¶ 8]   Spencer's attorney responded:

Your Honor, I don't have any objection and Mr. Spencer has no objection to the term of four to six years concurrent with the case in 15878–A.  However, I cannot imagine how that sentence can be concurrent, which in that case is concurrent to the federal sentence and then be consecutive to the federal sentence in this case.  Our argument is that it should be concur-

rent to the federal case and the other case. That serves two or three purposes.

One, it allows the State of Wyoming to avoid any expenses in Mr. Spencer's incarceration, but it also takes into consideration the fact that Mr. Spencer has from the very beginning cooperated with law enforcement, that he has made the proffer, that he has accepted responsibility, and not taken any unnecessary time of the Court.

And so we would ask, Your Honor, that he be sentenced to four to six years in the State Penitentiary, that that is concurrent with 15878, which is already concurrent to the federal sentence.

[¶ 9] The district court orally pronounced this sentence:

... As I see it, the recommendation is generally the same except for the concurrency or consecutiveness to the federal sentence that the defendant may currently be serving.

Taking a look at the factors that I consider relative to whether incarceration is needed and whether this sentence should be concurrent or consecutive to the federal sentence, I note that there are at least now six prior felony convictions; that there is a Presentence Investigation recommendation for incarceration; that there have been failures on supervised release in the past given the defendant's record; and I think most significantly, that there's been a large number of felony-level violations within a very short period of time.

So it's my impression that there should be some component of additional punishment or sentence in connection with this particular case. And I think having it run consecutive to the federal sentence, which is completely different for a separate matter, would appear appropriate.

It'll be the judgment and sentence of the Court that John Franklin Spencer, for his conviction of felony receiving and concealing stolen property, be remanded to the custody of the sheriff of Natrona County, Wyoming, by him delivered to the custody of the Wyoming Department of Corrections to serve a term of not less than 48 months nor more than 72 months at the Wyoming State Penitentiary or at such other facility designated by the Wyoming Department of Corrections.

The Court would order that this sentence be served concurrent with the sentences on the—I believe it is three felony counts in Criminal Action 15878–A, but consecutive to the federal drug conviction and sentence that the defendant is currently serving. And I would ask that the DA's Office identify precisely that particular case and sentence.

[¶ 10] Before imposing sentence, the district court did not indicate that it declined to accept the plea bargain, nor did it give Spencer the opportunity to withdraw his plea in light of the readily apparent breach of the plea bargain by the prosecutor. At that time, Spencer did not ask to withdraw his guilty plea.

### STANDARD OF REVIEW

**Illegal Sentence**

[¶ 11] An illegal sentence is one which exceeds statutory limits, imposes multiple terms of imprisonment for the same offense, or otherwise violates constitutions or the law. The determination of whether a sentence is illegal is made by reference to the authorizing statute or applicable constitutional provisions and is, therefore, a matter of statutory interpretation. Interpretation of statutes is a question of law, which we review de novo. *Bush v. State,* 2003 WY 156, ¶ 8, 79 P.3d 1178, 1182 (Wyo.2003) (citing *Ryan v. State,* 988 P.2d 46, 62–63 (Wyo.1999)).

**Breach of Plea Agreement**

[¶ 12] With respect to a plea of guilty entered in connection with a plea agreement, we have said:

"When a plea of guilty rests to any significant degree on a promise or agreement by the State, that promise must be fulfilled. Whether the prosecutor has violated the plea agreement is a question that is reviewed de novo." *Herrera v. State,* 2003 WY 25, ¶ 8, 64 P.3d 724, ¶ 8 (Wyo. 2003). A plea agreement is a contract between the defendant and the State and thus general principles of contract law ap-

ply to the agreement. "When determining whether a breach of the plea agreement has occurred we: (1) examine the nature of the promise; and (2) evaluate the promise in light of the defendant's reasonable understanding of the promise at the time the plea was entered." *Ford v. State*, 2003 WY 65, ¶ 11, 69 P.3d 407, ¶ 11 (Wyo.2003) (internal quotation marks omitted).

*Rutti v. State*, 2004 WY 133, ¶ 42, 100 P.3d 394, 410–11 (Wyo.2004).

[¶ 13]   In *Ford v. State*, 2003 WY 65, ¶ 18, 69 P.3d 407, 412 (Wyo.2003) we also said:

Furthermore, we have said that the prosecutor may not play fast and loose with the established terms of a plea agreement and must explicitly stand by those terms agreed upon. *Herrera*, at ¶ 18. If the prosecutor's performance of the terms of a plea agreement is not possible, a withdrawal of the plea is the correct remedy. The prosecutor's remedy was not to violate or mischaracterize the agreement but rather move to withdraw the plea agreement if she did not wish to be bound to its terms. Neither the principles of fairness nor the principles of contract law allow the State to retain the benefit of the agreement while avoiding its obligation. *See State v. Rardon*, 2002 MT 345, ¶ 18, 313 Mont. 321, 61 P.3d 132, ¶ 18 (2002). "[I]t would be unfair to accept a guilty plea where part of the bargain, upon which the plea was based, was breached. The defendant had not agreed to plead guilty to charges under terms other than those set forth in the agreement." *Cardenas v. Meacham*, 545 P.2d 632, 638 (Wyo.1976) (explaining the rationale behind the *Santobello* [*v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed. 2d 427 (1971)] decision.)

*Also see Browning v. State*, 2001 WY 93, ¶¶ 26–35, 32 P.3d 1061, 1069–72 (Wyo.2001).

### DISCUSSION

■ [¶ 14]   The sentencing scheme imposed by the district court is, at best, puzzling. More importantly, the position taken by the prosecutor at sentencing clearly violated both the letter and the spirit of the plea bargain. Therefore, we conclude that the sentence imposed must be reversed. Furthermore, we remand to the district court with directions that the district court impose a sentence in this case that is concurrent with, and of the same duration as, that imposed in his other state case. This concurrent sentence may not be consecutive to the federal sentence. If the district court chooses not to impose such a sentence, then Spencer must be permitted to withdraw his guilty plea if he so chooses.

[¶ 15]   A few observations are appropriate before we conclude. It is evident from the record that neither the parties, the presiding judge, nor the Department of Probation and Parole (which prepared the Presentence Investigation) contemplated that Spencer's federal sentence would play a role in sentencing for the instant crime. Indeed, the first mention of it arose at the March 8, 2004 sentencing hearing. ABA Standards for Criminal Justice Pleas of Guilty, Standard 14–3.3(e), at 128 (3rd ed. 1999), provides in pertinent part:

(e) In cases where a defendant offers to plead guilty and the judge decides that the final disposition should not include the charge or sentence concessions contemplated by the plea agreement, the judge shall so advise the defendant and permit withdrawal of the tender of the plea. In cases where a defendant pleads guilty pursuant to a plea agreement and the court, following entry of the plea, decides that the final disposition should not include the contemplated charge or sentence concessions, withdrawal of the plea shall be allowed if:

(i) the judge had previously concurred, whether tentatively or fully, in the proposed charge or sentence concessions; or

(ii) the guilty plea is entered upon the express condition, approved by the judge, that the plea can be withdrawn if the charge or sentence concessions are subsequently rejected by the court.

In all other cases where a defendant pleads guilty pursuant to a plea agreement and the judge decides that the final disposition should not include the contemplated charge or sentence concessions, withdrawal of the plea may be permitted as set forth in standard 14–2.1.

[¶ 16] Here, the district court tentatively accepted the terms of the plea bargain, subject to review of the Presentence Report. The Presentence Report made no mention of the federal sentence.

[¶ 17] The ABA Standards for Criminal Justice Prosecution Function and Defense Function, Standard 3–4.1(c), at 85 (3rd ed. 1993), provides: "A prosecutor should not knowingly make false statements or representations as to fact or law in the course of plea discussions with defense counsel or the accused." That standard is enlarged upon in the commentary:

**Misrepresentation by Prosecutor to Defense Counsel**

Disciplinary sanctions may be imposed against a prosecutor who intentionally deceives defense counsel. Although the prosecutor is under no obligation to reveal any evidence to the defense counsel in the course of plea discussions, truth is required in the presentation of facts relating to the case, whether or not they are mitigating facts. The prosecutor during plea discussions must also avoid the use of deception in dealing with the evidence and must refrain from misrepresenting the law or sentencing practices of the court. Not only does misrepresentation reflect on the integrity of the prosecutor and jeopardize the achievement of justice, but it also frustrates dispositions by plea since lawyers are understandably reluctant to negotiate with a prosecutor who cannot be trusted.

*Id.* at 87.

[¶ 18] This Court has a responsibility to ensure that sentencing is carried out fairly and in accordance with law. *See* ABA Standards Appellate Review of Sentences § 1.2 at 21 (1967). As is more fully set forth in the commentary, appellate review contributes significantly to the criminal justice process because by: "Providing for a check on the exercise of the sentencing power should thus increase respect for the system. The exercise of the power to correct the occasional abuse should demonstrate that it works." *Id.* at 27; *also see* ABA Standards for Criminal Justice Sentencing, Part VIII, at 247–54 (3rd ed. 1994).

*CONCLUSION*

[¶ 19] The sentence imposed by the district court is reversed. We remand this matter to the district court with directions that it impose a sentence that conforms to the plea bargain, as we have set out more fully above. Failing that, the district court must permit Spencer to withdraw his guilty plea.