2010 WY 95

**Rodney Gene CHRISTENSEN,**
**Appellant (Defendant),**

v.

**The STATE of Wyoming,**
**Appellee (Plaintiff).**

**No. S–09–0193.**

Supreme Court of Wyoming.

July 2, 2010.

Representing Appellant: Michael H. Reese, Contract Appellate Counsel, Michael Henry Reese, PC, Cheyenne, Wyoming.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Graham M. Smith, Assistant Attorney General.

Before KITE, C.J., and GOLDEN, HILL, VOIGT *, and BURKE, JJ.

VOIGT, Justice.

[¶ 1] In this appeal, Rodney Gene Christensen (Christensen) claims that the State breached a plea agreement that would have allowed him to enter the Wyoming Substance Abuse Treatment & Recovery Centers (WyS-TAR) before being sentenced. Finding that Christensen failed to show plain error, we will affirm.

### ISSUE

[¶ 2] Did plain error occur in the form of the State breaching its plea agreement with Christensen?

### FACTS

[¶ 3] On July 7, 2008, Christensen was charged with nine counts of burglary and seven counts of larceny. On July 24, 2008, he entered into a plea agreement with the State whereby he would plead guilty to four of the nine burglary counts and, in return, the State would dismiss the remaining

* Chief Justice at time of expedited conference.

counts. The State also agreed that Christensen could be released on his own recognizance to attend WySTAR, a substance abuse and recovery program, during the time between his plea hearing and sentencing hearing, if a bed became available at WySTAR. The plea agreement, which was set forth orally by defense counsel at the change-of-plea hearing, did not contain any specific sentencing recommendations.[1] The district court accepted the request that Christensen be allowed to enter WySTAR if and when a bed became available, but instructed Christensen's attorney to "come back to court either by stipulation or a subsequent hearing" at that time in order to modify Christensen's bond to allow him to enter WySTAR.

[¶ 4] Following the plea hearing, a bed apparently did become available at WySTAR. Christensen's attorney contacted the prosecutor and requested that Christensen be released and allowed to enter WySTAR. The prosecutor refused the request. The record is not clear as to when a bed became available or when Christensen's attorney contacted the prosecutor. The record does reflect, however, that Christensen never contacted the district court about the WySTAR opening prior to the sentencing hearing. The record also reflects that Christensen never entered WySTAR.

[¶ 5] Sentencing occurred on June 25, 2009. While arguing in favor of mitigation, defense counsel mentioned Christensen's need for substance abuse treatment, and mentioned that Christensen was accepted into the WySTAR program "weeks, if not months, ago." Christensen's attorney also indicated that he contacted the prosecutor and requested that Christensen "be released to go to the treatment program, and [the prosecutor] said, no." No mention was made of a plea agreement, and there was no request to continue the sentencing hearing to allow Christensen to attend the program. The district court sentenced Christensen to "not less than six nor more than eight years confinement" on each of the four counts, to run concurrently. Christensen now appeals

the written judgment and sentence claiming a breach of the plea agreement.

## STANDARD OF REVIEW

 [¶ 6] We generally review alleged breaches of plea agreements *de novo*. *E.g.* *Frederick v. State*, 2007 WY 27, ¶ 13, 151 P.3d 1136, 1141 (Wyo.2007); *Spencer v. State*, 2005 WY 105, ¶ 12, 118 P.3d 978, 982–83 (Wyo.2005). However, when a party fails to raise the issue of breach of a plea agreement with the district court, we review the alleged breach for plain error. *See Rutti v. State*, 2004 WY 133, ¶¶ 40–41, 100 P.3d 394, 410 (Wyo.2004). We have repeatedly held that "[p]lain error exists when 1) the record is clear about the incident alleged as error; 2) there was a transgression of a clear and unequivocal rule of law; and 3) the party claiming the error was denied a substantial right which materially prejudiced him." *Id.* at ¶ 33, at 408 (quoting *Sandy v. State*, 870 P.2d 352, 358 (Wyo.1994)). The appellant bears the burden of proving plain error. *Id.*

## DISCUSSION

 [¶ 7] Christensen argues that the State breached the plea agreement because the agreement was that "Christensen would be released on his own recognizance to immediately go and participate in the WySTAR program ... when a bed becomes available," but when a bed did in fact become available, the prosecutor did not agree to release Christensen. Under plain error analysis, our first task is to determine whether the record is clear regarding the alleged error. *Rutti*, 2004 WY 133, ¶¶ 40–41, 100 P.3d at 410. Christensen claims the breach occurred during a conversation between defense counsel and the prosecutor wherein the prosecutor indicated that he would refuse to release Christensen so that he could enter WySTAR. As noted above, Christensen mentioned this conversation during the sentencing hearing, which the record reflects, and the State, in its brief, acknowledges that this conversation

---

1. There had been a written plea agreement, but its terms were changed just prior to the hearing, so the district court allowed Christensen's attorney to state the terms orally and submit a written

copy at a later date. It does not appear from the record, however, that a written agreement was ever submitted.

occurred. Consequently, we find that the record clearly reflects the alleged breach.

[¶ 8] The second prong of the plain error test requires us to determine whether "there was a transgression of a clear and unequivocal rule of law." *Id.* at ¶ 33, at 408 (quoting *Sandy,* 870 P.2d at 358). We have said the following relating to plea agreements:

> A plea agreement is a contract between the defendant and the State to which the general principles of contract law are applied. "When determining whether a breach of the plea agreement has occurred we: '(1) examine the nature of the promise; and (2) evaluate the promise in light of the defendant's reasonable understanding of the promise at the time the plea was entered.' " *Ford v. State,* 2003 WY 65, ¶ 11, 69 P.3d 407, 410 (Wyo.2003). The prosecutor "must explicitly stand by" the terms of any agreement; and if the State is unable to carry out the terms, the correct remedy is withdrawal of the plea. *Ford,* ¶ 18, 69 P.3d at 412. The State may not obtain the benefit of the agreement and at the same time avoid its obligations without violating either the principles of fairness or the principles of contract law. *Id.*

*Frederick,* 2007 WY 27, ¶ 13, 151 P.3d at 1141. Moreover, we have held that

> ... "as in contract," a party should not be released from its obligations under a plea agreement absent another party's material or substantial breach of that agreement. A material or substantial breach is one that goes to the whole consideration of the agreement. Several factors are relevant to whether a breach is material or substantial, including the extent to which the non-breaching party will be deprived of the benefit it reasonably expected and the extent to which the breaching party's conduct comports with the standards of good faith and fair dealing. *Schade v. State,* 2002 WY 133, ¶ 5, 53 P.3d 551, 554 (Wyo. 2002) (citing *Browning v. State,* 2001 WY 93, ¶ 32, 32 P.3d 1061, [1071] (Wyo.2001)).

*Gibbs v. State,* 2008 WY 79, ¶¶ 10–11, 187 P.3d 862, 865–66 (Wyo.2008).

[¶ 9] The following statements occurred at the change-of-plea hearing in relation to the terms of the plea agreement:

> [Defense Attorney]: Mr. Christensen has agreed to plead guilty to Counts I, III, IV, and VI for the burglary counts. In exchange the State has agreed to dismiss the remaining counts. There is no agreement regarding sentencing. There is an agreement that Mr. Christensen would be released on his own recognizance to immediately go and participate in the WySTAR treatment program in Sheridan, Wyoming, when a bed becomes available.
>
> Your Honor, he has been accepted into that program; however, they don't currently have a bed available for him. But the agreement is that he would go there. We would waive speedy sentencing to allow him to go to that program and return to court after he completes that program for his sentencing. And that is our agreement. Obviously there is going to be restitution to pay.
>
> THE COURT: All right. Thank you. [Prosecutor], anything to add?
>
> [Prosecutor]: No, Your Honor.

After dealing with some other matters, the district court then asked if the parties arrived at a bond recommendation and the following colloquy occurred:

> [Defense Attorney]: We do, Your Honor. However, it is not ready to go into effect. We have an agreement for his bond to be reduced to release him on his own recognizance to participate in the WySTAR inpatient treatment program in Sheridan, Wyoming. They do not have a bed available for him yet, so I'm not sure if the Court wants us to draw up a stipulated order of release at the time a bed becomes available or how the Court wants.
>
> THE COURT: I believe probably you should come back to court either by stipulation or a subsequent hearing. We'll take that up at that time.
>
> [Defense Attorney]: Yes, Your Honor. I'll stay in touch with the treatment program.

There is no evidence in the record, nor does Christensen claim that he ever followed up

on this request with the district court prior to the sentencing hearing.

[¶ 10] At the beginning of the sentencing hearing, nearly a year after the change-of-plea hearing, the district court, the prosecutor, and Christensen's attorney discussed the plea agreement. The district court summarized the plea agreement as an agreement by the State to drop some of the charges against Christensen in return for his guilty plea to other charges. Both the prosecutor and Christensen's attorney agreed to that characterization of the plea agreement and noted that both parties were standing by the agreement. The WySTAR part of the plea agreement was not discussed or even raised at that time. Not until the end of the hearing did defense counsel make the following statements:

> He understands this is not the way he wants to live his life, and that what he did to people is wrong. And he was accepted to the WYSTAR, one of the best programs we have in the state, the WYSTAR Rehabilitation Treatment program. He was accepted weeks, if not months, ago. They reviewed his application, they reviewed his letter. They're not going to take you unless they think you're serious about getting treatment. They accepted him.
>
> I advised [the prosecutor] of that, and asked if he could be released to go to the treatment program, and [the prosecutor] said, no. There's a punishment element that the district attorney's looking at prior to a rehabilitation element. And that he can—He hopes he gets treatment, wants him to get treatment. But said, no, I'm not going to release him to treatment, so he continued to sit in jail.
>
> WYSTAR is still there. They know that he's going to court today. We've stayed in touch with the program. They say if today he's allowed to go to treatment, they'll have a bed for him. And so that is still available for Mr. Christensen.

█ [¶ 11] From the record before us, we cannot say that a clear and unequivocal rule of law was violated. Christensen points to the conversation with the prosecutor, wherein the prosecutor refused to release Christensen to allow him to enter WySTAR, as being a breach of the plea agreement. However, a review of the record, including the terms of the plea agreement and the actions of the parties, do not lead us to conclude that the conversation necessarily constituted a breach. First, although both parties agree that the prosecutor indicated to Christensen's attorney that he would not release Christensen to allow him to enter WyS-TAR, the context and substance of that conversation are not reflected in the record. More importantly, the State did not object to or otherwise prevent Christensen from moving the district court to release Christensen to WySTAR, as appears to have been the court's expectation when it said at sentencing that "you should come back to court." A release order would have had to come from the district court, not from the State. Finally, Christensen never directly raised before the district court the treatment issue as being a breach of the plea agreement. In fact, defense counsel stated at the beginning of the sentencing hearing that both parties were currently standing by the terms of the plea agreement. Both parties were apparently treating the plea agreement as if it had not been breached and as if both parties were complying with their respective obligations. Under these facts, we just cannot say that there was a violation of a clear and unequivocal rule of law.

## CONCLUSION

[¶ 12] The record reflects the incident that Christensen points to as the alleged breach; however, the record does not clearly reflect that a violation of a clear and unequivocal rule of law occurred. The most that can be said is that the prosecutor made an out-of-court statement that he would not release Christensen to WySTAR. With or without a plea agreement, the prosecutor does not have such release authority. That authority belongs to the district court, and the record shows that Christensen never complied with the district court's instructions to "come back to court" when a bed became available at WySTAR. Furthermore, Christensen never directly raised the issue of breach with the

district court. Accordingly, Christensen failed to prove plain error.

[¶ 13] Affirmed.