2001 WY 46

**Wayne W. CLINGMAN, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 00–118.

Supreme Court of Wyoming.

May 10, 2001.

Rehearing Denied May 22, 2001.

Representing Appellant: Sylvia Lee Hackl, State Public Defender; Donna D. Domonkos, Appellate Counsel; and Tina N. Kerin, Assistant Appellate Counsel.

Representing Appellee: Gay Woodhouse, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; T. Alan Elrod, Assistant Attorney General; Theodore E. Lauer, Director of the Prosecution Assistance Program; and Sean Persin, Student Intern.

Before LEHMAN, C.J.; GOLDEN and HILL, JJ.; and DAN SPANGLER, District Judge (Ret.).

DAN SPANGLER, District Judge (Retired).

[¶1] Appellant Wayne W. Clingman entered a guilty plea to the charge of taking immodest, immoral, or indecent liberties with a minor under Wyo. Stat. Ann. § 14–3–105(a) (LEXIS 1999) and was sentenced to a prison term of three to five years. He appeals from the Judgment and Sentence and an order denying his motion to withdraw his guilty plea. We affirm.

## ISSUES

[¶2] Appellant states these issues:

I. Did the State breach its plea agreement with Appellant and violate his due process rights?

II. Did the trial court abuse its discretion in denying Appellant's motion to withdraw his plea after sentencing?

## THE PLEA AGREEMENT

[¶3] Appellant and the State entered into a plea agreement contained in a letter from the prosecutor to Appellant's attorney. The pertinent portion of the agreement states:

2. Following your client's plea of guilty and preparation of Presentence Investigation, the State will appear at sentencing and specifically limit our argument to the facts of this particular case, and the general purposes of sentencing. That is, we will not argue to the Court that a particular sentence should be imposed, nor insist or suggest to the Court during our argument that probation should *not* be imposed, nor alternatively that incarceration *must* be imposed. That would be the sole limitation on our argument, and as you know under Rule 11 of the Wyoming Rules of Criminal Procedure, and the law of sentencing generally, the State cannot agree to withhold information, etc. from the Court.

## STANDARD OF REVIEW

[¶4] When a plea of guilty rests to any significant degree on a promise or agreement by the State, that promise must be fulfilled. *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971); *Clouse v. State*, 809 P.2d 791, 795 (Wyo.1991). Whether the prosecutor has violated the plea agreement is a question that is reviewed *de novo*. *United States v. Robertson*, 45 F.3d 1423, 1442 (10th Cir.1995).

## THE VICTIM IMPACT STATEMENT

[¶5] Appellant complains that six comments made at sentencing by the prosecutor violated the plea agreement. The first comment referred to statements by the child's family in the victim impact statement: "And, of course, the aunt, of course, and the mother certainly don't want him incarcerated, as that's understandable. Just as understandable as the victim impact is, that they want and believe it's appropriate to have him incarcerated." This was part of the record before the trial judge. Simply referring to these matters does not constitute an argument for imprisonment or against probation.

## SEX OFFENDER PROGRAMS

[¶6] Appellant argued for probation and sex offender treatment in the community. The prosecutor responded:

I would note that there is a treatment argument made, probation and treatment. Again, just for the Court's knowledge and background, the Court knows there is a

sex offender program in place, in fact the only one in Carbon County in place is in place within the Wyoming State Penitentiary. The Department of Corrections runs one there. I checked as early as January to ensure it is operating there still, and it is. It is the only one still operating in the county. That's just for your information in assessing what it is you can do.

The plea agreement noted that the State could not agree to withhold information from the district court.

[¶ 7] This subject was addressed in the case of *Jackson v. State*, 902 P.2d 1292, 1294 (Wyo.1995) (citations omitted):

Efforts by the State to provide relevant factual information are not tantamount to taking a position on the sentence and will not violate a plea agreement.... Thus, if the State is aware that the court lacks certain relevant information, the prosecutor has the duty, as an officer of the court, to bring that information to the attention of the court. In this case, the State promised to "stand silent" at the time of sentencing. That promise, however, did not require the prosecutor to withhold from the district court pertinent information on appellant's background and character.

As in the *Jackson* case, the prosecutor in this instance did not violate the agreement by providing this information on treatment programs.

## THE PSYCHOLOGICAL EVALUATION

[¶ 8] Appellant argues that the prosecutor breached the plea agreement by referring to a statement in a psychological evaluation that he probably was denying the full extent of his offense. Pointing out that Appellant had not told the psychologist or the probation officer that his semen was on the child's clothing, the prosecutor stated:

You don't see that in the PSI or in the evaluation, and this evaluation was done at his request. It does a risk assessment, I will talk about that in a minute. It notes something important for you to weigh, that is any time a Defendant minimizes over and over again, including to an evaluator, how much does that weigh? Does that weigh in favor of incarceration or probation, and possibly of rehabilitation and treatment if you're not owning up?

This is a reference to records before the district court. It is not an argument for a particular sentence nor is it a suggestion that probation should not be imposed or incarceration must be imposed.

## THE PRESENTENCE REPORT

[¶ 9] The presentence investigation recommended that Appellant be incarcerated. In that regard, the prosecutor said: "The PSI, after thoughtful evaluation of what the Defendant said, the charging documents, and whatever background they knew and the lengthy victim impact statements represented there, recommend incarceration." Appellant's objection to this statement is not well founded. The prosecutor was only repeating a recommendation that had been made in a document before the district court.

## THE CHARGING DOCUMENTS

[¶ 10] Appellant claims that the plea agreement was breached when the prosecutor made this statement about the facts of the case:

This doesn't mean it's a maybe, it isn't. Well, do we believe a 4–year–old? It's true, it happened. [Appellant] admits it, and we are only talking about what he admits. On the one hand he's here about indecent liberties. You see the factual basis. On the other hand, you can see from the charging documents a suggestion of anal intercourse was actually had, anal injury to the child. We are not going down that road, we are not talking about that.

The information referenced by the prosecutor was contained in the affidavit filed by the complaining police officer. These matters were also mentioned in the presentence investigation. The plea agreement permitted the State to argue the facts of the case. Thus, these statements do not violate the agreement.

## TREATMENT OPTIONS

[¶ 11] Appellant takes issue with this remark by the State which was in re-

sponse to his argument that he could be treated in the community:

> Rehabilitation, of course, is an aspect. It's an aspect that I suggest to you, of course I think it's fair to suggest it. [Appellant's counsel] said probation, the evaluation said treatment in the community is possible. My only comment about that is treatment is also possible and in place inside the custody of the penitentiary.

As noted earlier, this statement only provides information to the district court about the location of a treatment program. It is not an argument for or against a particular sentence.

## CONCLUSION

[¶ 12] We do not find that the State breached the plea agreement. The statements in question provided information, discussed the facts, or referred to written materials before the district court. The prosecutor did not argue that a particular sentence should be imposed. He did not insist or suggest that probation should not be imposed or that incarceration must be imposed.

[¶ 13] Appellant also contends that the district court erroneously denied his motion to withdraw his plea of guilty. The motion was based upon the same issues discussed above. The State counters that this issue is not properly before us because Appellant did not file a notice of appeal from this ruling. Given our conclusion that the prosecution did not breach the plea agreement, it is not necessary for us to resolve the jurisdictional issue. The motion to withdraw the plea rests upon the same issue decided adversely to Appellant in this opinion.

[¶ 14] Therefore, the Judgment and Sentence is affirmed.

GOLDEN, J., filed a specially concurring opinion in which LEHMAN, C.J., joined.

GOLDEN, J., specially concurring, with whom LEHMAN, C.J., joins.

[¶ 15] I write separately to address several matters not touched upon by the Court's opinion. First, in the State's briefing a question is raised whether Clingman's appeal of the district court's April 12, 2000, order denying his post-sentencing motion to withdraw his guilty plea is properly before the Court. The State does not question that Clingman has properly and timely perfected his appeal from the district court's judgment and sentence which was filed March 6, 2000; his notice of appeal from that judgment and sentence was timely filed April 6, 2000, and expressly referenced the March 6 judgment and sentence. The State points out, however, that Clingman did not file a notice of appeal from the district court's order dated April 12, 2000, which denied his post-sentencing motion to withdraw his guilty plea.

[¶ 16] Responding to the State's argument on this point, Clingman asserts that he filed his post-sentencing motion to withdraw his guilty plea on March 8, 2000, when the district court retained jurisdiction over his case, and before he filed his notice of appeal from the judgment and sentence. He further asserts that his notice of appeal from the judgment and sentence encompasses all of the district court's interlocutory rulings, including that court's post-notice of appeal order denying his motion to withdraw his guilty plea. I am not so sure. His assertion that his April 6 notice of appeal from the March 6 judgment and sentence encompasses the district court's later April 12 order denying his March 8 motion to withdraw his guilty plea strikes me as inherently illogical. He does not support his assertion with pertinent authority.

[¶ 17] The time for appeal commences to run from the date of entry of judgment. W.R.A.P. 2.03(b). In a criminal case, the running of the time for appeal is not terminated by the filing of a motion to withdraw a guilty plea. W.R.A.P. 2.03(a); *Jessen v. State*, 622 P.2d 1374, 1377 (Wyo.1981). An order denying a post-sentencing motion to withdraw a guilty plea is a final appealable order. W.R.A.P. 1.05(c); *and see, e.g., Johnson v. State*, 922 P.2d 1384 (Wyo.1996); *Jackson v. State*, 902 P.2d 1292 (Wyo.1995); and *Rude v. State*, 851 P.2d 20 (Wyo.1993). Because Clingman did not appeal the district court's order denying his motion to withdraw his guilty plea, this Court has no jurisdiction to consider an appeal of that order. That

result, of course, has no adverse effect on Clingman's properly and timely perfected appeal of the March 6, 2000, judgment and sentence. In that appeal, he raises the same substantive issue that he raised in his post-sentencing motion to withdraw his guilty plea, namely, whether the State breached the plea agreement upon which Clingman relied when he pleaded guilty to one charge of indecent liberties.

[¶ 18] I now turn to that issue. In the State's briefing, it weakly implies that Clingman has waived the issue of the State's breach of the plea agreement because he "made no objection to the State's arguments at the sentencing hearing." The State does not, however, develop the point with either cogent argument or supporting authority. Although this Court has no precedent directly on point, "[o]ur general rule is that we will not consider issues not raised in the court below. There are only two exceptions to that rule: when the issue raises jurisdictional questions or it is of such a fundamental nature that it must be considered." *Cooper v. Town of Pinedale*, 1 P.3d 1197, 1208 (Wyo. 2000) (citations omitted). In the usual case, the litigants in the district court are in the best position to know if error has occurred. They are expected to apprise the district court of the perceived error by means of the appropriate objection together with the supporting reasons. *Matter of Parental Rights of PP*, 648 P.2d 512, 519 (Wyo.1982), *overruled on other grounds*, 953 P.2d 145 (Wyo. 1998). Having been so apprised, the district court is able to consider the objection and the perceived error in the context of the immediate situation and make an informed ruling. That would seem to be especially efficacious in a situation like the one here, where the prosecutor's alleged breach of a plea agreement by way of remarks made in a sentencing hearing occurs before the very eyes of the court. Having said that, it should be asked whether the prosecutor's alleged breach of a plea agreement "is of such a fundamental nature that it must be considered" even though the defendant failed to raise the issue in the district court. That answer seems to be given in *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971):

This phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.

*Id.* at 262, 92 S.Ct. at 499.

[¶ 19] Because both the State and the defendant, as well as this Court in its opinion, rely on authority of the Tenth Circuit Court of Appeals for the standard of review to be applied in this appeal, it should be noted in passing, before leaving this issue of waiver, that a split of authority exists in the federal circuits concerning the waiver issue in the plea agreement breach context. *United States v. Peterson*, 225 F.3d 1167, 1170 n. 2 (10th Cir.2000), *cert. denied*, —— U.S. ——, 121 S.Ct. 893, 148 L.Ed.2d 799 (2001). The Tenth Circuit holds that a defendant who fails to raise in the district court the prosecutor's alleged breach does not waive that issue on appeal. *Id.* at 1170. That court identifies the breach claim as a question of law to be afforded de novo review. *Id.*

[¶ 20] If we are going to adopt the Tenth Circuit's standard of review, let us be clear what it is:

We apply a two-step analysis to determine if the government breached a plea agreement: "(1) we examine the nature of the government's promise; and (2) we evaluate this promise in light of the defendant's reasonable understanding of the promise at the time the guilty plea was entered." *United States v. Brye*, 146 F.3d 1207, 1210 (10th Cir.1998). Principles of general contract law guide our analysis of the government's obligations under the agreement. *See id.* Thus, in assessing whether the government has breached the agreement, we look to the express terms of the agreement and construe any ambiguities against the government as the drafter of the agreement. *See id.; United States*

*v. Cerrato–Reyes,* 176 F.3d 1253, 1264 (10th Cir.1999). This court also has explained that:

> The government breaches an agreement not to oppose a motion when it makes statements that do more than merely state facts or simply validate facts found in the Presentence Report and provides a legal characterization of those facts or argues the effect of those facts to the sentencing judge.

*Brye,* 146 F.3d at 1211 (internal citation and quotations omitted).

*Peterson,* 225 F.3d at 1170–71.

[¶ 21] A prosecutor who drafts a plea agreement containing the terms found in the one we review today should pay particular attention to two principles of this standard: (1) the court looks to the express terms of the plea agreement and construes any ambiguities against the government as the drafter of the agreement; and (2) the government breaches such an agreement when it provides a legal characterization of facts found in the presentence report or argues the effect of those facts to the sentencing judge.

[¶ 22] In the record of the case we review today, there is a presentence report and a report from the defendant's psychological evaluators. They contain facts suggesting criminal behavior of the defendant in addition to that which forms the basis of the one charge of indecent liberties to which the defendant pleaded guilty. Further, they contain facts suggesting the defendant was minimalizing his behavior and not yet facing up to it. When asked by the sentencing judge about these reports, the defendant did not object to their contents. Because the plea agreement called for the prosecutor to modify the charging information to reflect only the one count of indecent liberties, and he did so, arguably the facts surrounding that single charge established the boundaries beyond which the prosecutor could not safely stray. But for the defendant's failure to object to the contents of the above-mentioned reports, the prosecutor was on thin ice in commenting on the facts contained in those reports. That the prosecutor might not be able to comment on those facts does not mean that the sentencing judge cannot independently know about and consider them in imposing sentence. *Christy v. State,* 731 P.2d 1204, 1207–08 (Wyo.1987). The point is, however, if the government has promised to comment about only "the facts of this particular case," perhaps an ambiguous phrase, the court may confine such comments to the facts surrounding the single count in the modified information. A prosecutor who strays from such confinement needlessly risks much. For example, in *Santobello,* the government's breach of the plea agreement was inadvertent, and the sentencing judge strongly declared he was not influenced by the prosecutor's remarks; nevertheless, the court reversed and remanded the conviction. 404 U.S. at 263, 92 S.Ct. at 499. In the words of the morning roll-call police sergeant in the old television show "Hill Street Blues," let's be careful out there.